IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Brief, May 20, 2003

## PAULA BOWMAN v. STATE OF TENNESSEE

**Appeal from the Tennessee Claims Commission for Middle Tennessee**
**No. 20001431      William Baker, Commissioner**

---

**No. M2002-02616-COA-R3-CV - Filed November 3, 2003**

---

This is an action against the State for damages for personal injuries sustained by the Appellant when she slipped on the icy surface of a State-owned parking lot. The single Commissioner found in favor of the State. The Claimant requested an *en banc* hearing which was granted with a concurrent Order entered affirming the single Commissioner, without notice to the Claimant. We vacate and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Tennessee Claims Commission is
Vacated and Remanded**

WILLIAM H. INMAN, SR. J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., and D. MICHAEL SWINEY, JJ., joined.

Paula Bowman, Nashville, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter,; Michael E. Moore, Solicitor General; and Dawn Jordan, Assistant Attorney General, for the appellee, State of Tennessee.

### OPINION

The Appellant suffered an injury when she slipped on the icy surface of a parking lot managed by the State as an appurtenance to the Mid Cumberland Building in Nashville where the Appellant was to be interviewed for employment by the State. The injury occurred at 8:30 a.m. on March 15, 1999, a few hours after an ice storm of unusual proportions swept into the area.

A formal complaint was filed against the State on March 13, 2000 before the Claims Commission, alleging negligence on the part of the State for failing to remove the accumulated ice or rectify the dangerous conditions created by the deluge. The Commission found that (1) the State did not create or maintain a dangerous condition on State property; (2) the State did not have reasonable opportunity to take appropriate measures to remove the ice, but (3) even so, the Claimant was at least 50 percent at fault which barred a recovery.

The Appellant requested *an banc* hearing which was granted. As pertinent here, the applicable Rule, 0310-1-1-.03(4), adopted by the Claims Commission effective August 29, 1992, provides:

> (4) . . . . upon a determination to grant a hearing *en banc* after a decision by an individual Commissioner, *the Commission will further advise all parties whether the review will be limited* to (a) argument of legal issues, (b) argument in general, (c) whether additional evidence may be introduced, *or* (d) whether there will be a complete re-trial of all issues.

The *en banc* hearing was granted September 13, 2002, and on the *same day* an Order was entered affirming the action of the single Commissioner. The Appellant was not notified in accordance with Rule 0310-1-1-.03(4) as above set out. She appeals and presents for review a number of issues all of which we pretermit except the issue which questions the procedure employed by the *en banc* Commission which we sustain as dispositive of the case on appeal. We do not address the merits of the claim. Our review of the single issue is one of law.

We need not belabor the precise point. It is not disputed that the Appellant was not advised of the *en banc* hearing as clearly required by Subsection (4) of the Rule, which the Commission adopted and must abide. Accordingly, we deem it appropriate to vacate the judgment entered *en banc* and remand the case for appropriate action. Costs are assessed against the State.

_____
WILLIAM H. INMAN, SENIOR JUDGE